UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREGORY BENEDICT,

                      Plaintiff,

  -against-

NASSAU COUNTY POLICE DEPARTMENT and
the NASSAU COUNTY CIVIL SERVICE COMMISSION,

                      Defendants.
------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff GREGORY BENEDICT ("Plaintiff" or "Mr. Benedict") by and through his attorneys, FISHER TAUBENFELD LLP, alleges the following against Defendant NASSAU COUNTY POLICE DEPARTMENT ("NCPD") and the NASSAU COUNTY CIVIL SERVICE COMMISSION (the "Commission") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

Plaintiff brings this action pursuant to the American with Disabilities Act Amendments Act, 42 U.S.C § 12111 *et seq.* (ADAAA), to remedy Defendants' intentional and willful discriminatory refusal to hire him based on his disability (diabetes). Defendants engaged in this discriminatory conduct with knowledge that they were violating federal law and that Plaintiff would be economically injured. Legal relief if sought pursuant to the ADAAA.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

2. Venue is proper in this District under 28 U.S.C. § 1367(b) and (c) in that the Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

3. Plaintiff has satisfied all jurisdictional prerequisites under the ADAAA. Prior to filing this Complaint, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and on November 27, 2017 received a Notice of Right to Sue from the EEOC, thereby giving Plaintiff the right to proceed in federal court and conferring jurisdiction upon this Court.

## THE PARTIES

### *Plaintiff*

4. Mr. Benedict is an individual who resides in the State of New York, County of Nassau.

5. Mr. Benedict applied for a position as a Police Officer with the NCPD on or about October 12, 2012.

6. Mr. Benedict was at all times material hereto an "employee" within the meaning of the ADAAA.

### *Defendant*

7. NCPD is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5) and 2000e(b), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

8. The Commission is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5) and 2000e(b), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

9. At all relevant time hereto, Defendants have continuously been doing business in the city of Mineola and have continuously employed 15 or more employees for each working day in each of the 20 or more calendar weeks in the current and preceding calendar year.

10. NCPD maintains a principal place of business at 1490 Franklin Avenue, Mineola, New York 11501.

11. The Commission maintains a principal place of business at 40 Main Street, Second Floor, Hempstead, New York 11550

## FACTUAL ALLEGATIONS

12. Mr. Benedict has served as a police officer for the New York City Police Department (NYPD) for approximately three and a half years of continued active duty.

13. While serving as a police officer, Mr. Benedict has carried out his job duties with diligence and care, consistently meeting or exceeding performance expectations.

14. Mr. Benedict has had no restrictions in performing his job duties and has never requested a reasonable accommodation on account of his diabetes.

15. Mr. Benedict has amply completed the vigorous physical demands required during training with the NYPD Police Academy and while serving as a police officer.

16. On or about October 12, 2012, Mr. Benedict applied for a position as a police officer with Defendants.

17. During the ensuing two and a half years, Mr. Benedict fulfilled Defendants' rigorous application requirements by completing (without limitation) extensive paperwork, passing physical and psychological examinations, passing a lie detector exam, submitting to an intensive background investigation, and submitting blood work and urinalysis results.

18. Mr. Benedict also produced a six-month blood glucose log showing no low blood sugars and stress test results with above average results.

19. Mr. Benedict further produced doctor notes from his endocrinologist, cardiologist, general physician, vascular surgeon (for a prior minor, non-invasive surgical procedure unrelated to his diabetes), and eye doctor.

20. Mr. Benedict's application materials, exams, and doctors' certifications uniformly demonstrated that he has no physical or psychological limitations and is fit to perform the "vigorous physical activity and defensive tactics" for the position of police officer with Defendants.

21. Mr. Benedict successfully met all application requirements.

22. Mr. Benedict also demonstrated his ability to serve, unimpeded by his disability, as an active duty police officer; at the time of his application to NCPD, he had for approximately 2.5 years successfully served as an NYPD police officer.

23. Notwithstanding his clear candidacy as a police officer, by letter dated June 22, 2016 Defendants disqualified him because of his "endocrine condition (diabetes mellitus with insulin pump) and abnormal urinalysis (glucosuria)".

24. Mr. Benedict timely contested Defendants' decision by submitting a comprehensive letter stating why he disagreed with his disqualification.

25. Defendants affirmed their decision to disqualify him by letter dated August 10, 2016.

26. Defendants' refusal to hire Mr. Benedict constitutes disability discrimination.

## FIRST CAUSE OF ACTION
### (Discriminatory Refusal to Hire On the Basis of Disability in Violation of the ADAAA)

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Plaintiff suffered from a disability that is covered by the ADAAA (diabetes).

29. Defendants discriminated against Plaintiff because of his disability by refusing to hire him, in violation of the ADAAA.

30. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

31. As a proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant's discriminatory practices, unless and until this Court grants the relief hereinafter described.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

    A.  awarding him compensatory, punitive, mental anguish, and pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

    B.  awarding him prejudgment interest;

    C.  awarding him back pay, front pay, and damages for all employment benefits Plaintiff would have received but for Defendants' discriminatory acts and practices;

    D.  awarding declaratory and injunctive relief;

    E.  directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful conduct;

    F.  awarding him costs and reasonable attorneys' fees; and

    G.  granting other any relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief to which he has such a right.

Dated: February 26, 2018
      New York, New York

                                        Respectfully submitted,

                                        Liane Fisher, Esq. (LF-5708)
                                        FISHER TAUBENFELD LLP
                                        225 Broadway, Suite 1700
                                        New York, New York 10007
                                        Phone: (212) 571-0700
                                        Facsimile: (212) 505-2001
                                        liane@fishertaubenfeld.com
                                        *ATTORNEYS FOR PLAINTIFF*